1  BRIAN D. CHASE (SBN 164109)
   bchase@bisnarchase.com
2  JERUSALEM F. BELIGAN (SBN 211258)
   jbeligan@bisnarchase.com
3  **BISNAR|CHASE LLP**
   1301 Dove Street, Suite 120
4  Newport Beach, California 92660
   Telephone: 949-752-2999
5  Facsimile: 949-752-2777

6  Jesse M. Bablove (SBN 279886)
   jbablove@bordinmartorell.com
7  **BORDIN MARTORELL LLP**
   6080 Center Drive, Suite 600
8  Los Angeles, California 90045
   Telephone: 323-457-2110
9  Facsimile: 323-457-2120

10

11  Attorneys for Plaintiffs

12              **UNITED STATES DISTRICT COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

14  Hiroyaki Oda, a California resident;      ) Case No.
    Corey Roth, a California resident,        )
15  individually, and on behalf of           )
    themselves and all others similarly      ) **CLASS ACTION**
16  situated,                                 )
                                              ) **COMPLAINT FOR DAMAGES**
17              Plaintiffs,                    ) **AND EQUITABLE RELIEF**
                                              )
18      vs.                                   ) **DEMAND FOR JURY TRIAL**
                                              )
19  DeMarini Sports, Inc.; DeMarini Sports   )
    Group Limited Partnership; Wilson        )
20  Sporting Goods Co.; and DOES 1           )
    through 10, inclusive,                    )
21                                            )
                Defendants.                   )
22                                            )
                                              )
23                                            )
                                              )
24                                            )
                                              )
25                                            )
                                              )
26  ─────────────────────────────────────

27

28

Plaintiffs, Hiroyaki Oda ("Plaintiff Oda") and Corey Roth ("Plaintiff Roth," collectively with Oda, "Plaintiffs"), by and through their undersigned attorneys, bring this action on behalf of themselves and all others similarly situated, based upon personal knowledge as to themselves and their activities, and on information and belief as to all other matters, against defendants DeMarini Sports, Inc., DeMarini Sports Group Limited Partnership, Wilson Sporting Goods Co., and DOES 1 through 10 (collectively, "DeMarini" or "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.      Diversity subject matter jurisdiction exists over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), amending 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions involving: (a) 100 or more members in the proposed class; (b) where at least some members of the proposed class have different citizenship from some defendants; and (c) where the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in the aggregate. 28 U.S.C. §§ 1332(d)(2) and (6).

2.      While the exact number of members in the proposed class is unknown at this time, Plaintiffs have reason to believe hundreds of thousands of consumers purchased Defendants' "DeMarini White Steel WTDXWHI Slow Pitch Softball Bats" ("DeMarini Softball Bats" or "Softball Bats") throughout California and the United States during the relevant period (the "Class Members"). The number of Class Members could be discerned from the records maintained by Defendants, retailers to whom DeMarini sold the Softball Bats, and by identifying Class Members who registered their product with DeMarini.

3.      Diversity of citizenship exists between Plaintiffs and Defendants. Plaintiffs are both citizens and residents of California. DeMarini Sports, Inc. is

- 2 -
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

incorporated in Oregon with its corporate headquarters in Hilsboro, Oregon. DeMarini Sports Group Limited Partnership is a business registered in Oregon. Wilson Sporting Goods Co. is a business incorporated in Illinois with its corporate headquarters in Chicago, Illinois. Therefore, diversity of citizenship exists.

4. While the exact damages owed to Plaintiffs and the Class Members are unknown at this time, Plaintiffs reasonably believe their claims exceed five million dollars ($5,000,000) in the aggregate.

5. This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of conducting business in the State of California.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District and because Defendants:

    a. have intentionally availed themselves of the laws and markets within this District through the promotion, marketing, distribution and sale of DeMarini Softball Bats in this District;

    b. does substantial business in this District;

    c. is subject to personal jurisdiction in this District;

and because Plaintiffs Oda and Roth:

    a. were exposed to Defendants' misleading practices and representations in this District; and

    b. purchased DeMarini Softball Bats in this District.

## NATURE OF THE ACTION

7. Defendants, the manufacturer of the DeMarini Softball Bats, have a uniform and long-standing pattern of employing unfair and deceptive practices with respect to the sale of their products through misrepresentations and omissions concerning the characteristics, uses, benefits, and overall quality and fitness of their

- 3 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Softball Bats.  During the relevant period, DeMarini manufactured and sold Softball Bats to consumers either directly through their website or through major retail chains nationwide.

8.     DeMarini sells its Softball Bats through major retail chains throughout California and the United States, such as Big 5 Sporting Goods, Sports Authority, Dick's Sporting Goods and Sports Chalet.  These retail chains have a significant presence in California.  For example, Big 5 Sporting Goods has approximately 224 retail locations in California, which is 60% of all of their stores.  A significant number of the DeMarini Softball Bats were sold to consumers in California.  Defendants also market and sell their Softball Bats directly to consumers in California and nationwide through their website: www.DeMarini.com.  The website is a virtual store where consumers can view descriptions of the products, pictures of the products, check out, provide credit card information, and have items shipped directly to them.

9.     One of Defendants' principal marketing slogans is: "DeMarini – Maker of the World's Finest Bats."  Defendants' website – http://www.demarini.com/en-us/forms/customer-service -- states, "Along with insane dedication to performance comes an insane dedication to quality.  Our technology and durability is unmatched and we offer an exceptional warranty to secure your investment."[1]  DeMarini's website continues by stating: "DeMarini offers an exceptional warranty to secure your investment.  If under warranty, our policy is to provide you with repair or one time replacement of your bat within one year from the date of purchase.  The DeMarini Factory Warranty covers the following three items - there are no other warranties. (1) A severely dented bat for one year from the date of purchase; (2) The end-plug and knob may be repaired or replaced if found defective for one year from

---

[1] http://www.demarini.com/en-us/forms/customer-service.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

the date of purchase; and (3) Cracked from normal use for one year from the date of purchase.[2]"  As will be explained in detail below, this is deceptive, false and misleading because the Softball Bats are not the best in the world, are not made of quality materials and their durability is not unmatched.  Furthermore, despite Plaintiffs having purchased and used multiple defective Softball Bats, DeMarini refused to honor their "exceptional warranty."[3]  Instead, complaints have shown that the Softball Bats are defective and could and did crack, bend, and flatten—which is the antithesis of DeMarini's slogan that its Softball Bats are "the World's Finest Bats" and the claimed "insane dedication to quality and unmatched technology and durability."  In fact, despite Defendants' marketing slogan that their Softball Bats are "the World's Finest Bats," which conveys the impression that the DeMarini Softball are of high standard, quality or grade, Defendants failed to disclose that their Softball Bats have known manufacturing and design defects that cause the Softball Bats to crack, bend, and flatten with minimal, or even a single use.  Indeed, on Plaintiffs understand that DeMarini has stopped manufacturing and selling this precise model of Softball Bats (although it was a best-seller), but Defendants have not initiated any efforts to recall the Softball Bats from retailers or the public, who continue to sell the Softball Bats and place them in the stream of commerce.

10.   As a result of Defendants' deceptive, false and misleading claims in their advertising, consumers—including Plaintiffs and Class Members—purchased DeMarini Softball Bats without being advised that the Softball Bats have known

---

[2] *Id.*  The website also states, "This bat requires special care, as it is constructed with precision-thin walls designed to enhance performance."  Precision-thin is likely the reason these bats can crack on the very first swing.

[3] *Id.*  "If DeMarini agrees that your bat is defective it will be either repaired or replaced."  However, DeMarini refuses to repair, replace, provide store credit or refund the full retail price of the Softball Bats.  Instead, in direct contravention of its warranty, DeMarini offers consumers non-comparable bats that are not designed or allowed to be used (i.e. are illegal) in Plaintiffs' softball leagues.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

manufacturing and design defects that could and did cause the Softball Bats to fail as demonstrated by the complaints and incidents reported to Defendants.   Had Defendants disclosed these material facts, Plaintiffs would not have purchased Defendants' Softball Bats.   Defendants were able to charge more than what their DeMarini Softball Bats would have been worth had they disclosed the truth about the propensity to crack, bend and flatten with minimal, or even a single use.

11.   Furthermore, the actual name of the Softball Bats – "White Steel" implies that the product is made of a certain type of strong material – i.e. steel. Plaintiffs and Class Members were under the impression that the material used to make the barrel of the Softball Bats was actually steel, as opposed to a weaker type of metal.   Upon information and belief, Plaintiffs and Class Members believe that the type of metal used to manufacture the barrel of the Softball Bats is not steel, but is instead a weaker metal with a higher rate of failure (crack, bend and flatten). Defendants were able to charge more than what their DeMarini Softball Bats would have been worth had they disclosed the truth about the type of material used to manufacture the Softball Bats. This amounts to false advertising and misleading the Plaintiffs and Class Members.

12.   In addition, DeMarini indicates on the Softball Bats the origin of manufacture – "OREGON, U.S.A."   Based on the stamps placed on the Softball Bats, Plaintiffs and Class Members were led to believe that DeMarini was manufacturing the Softball Bats within the United States, and more precisely in the state of Oregon. Upon information and belief, Plaintiffs and Class Members understand that DeMarini is manufacturing the Softball Bats outside of the state of Oregon.   It is well known and understood that the public, Plaintiffs and Class Members, included, are willing to pay more for a product manufactured in the United States than a product made outside the United States. Moreover, Defendants were able to charge more than what their DeMarini Softball Bats would have been

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  worth had they disclosed the truth about the origin of manufacturing. This amounts
2  to false advertising and misleading the Plaintiffs and Class Members.

3       13.  Plaintiffs bring this lawsuit against Defendants, on behalf of themselves
4  and Class Members, in order to: (a) halt the dissemination of Defendants' deceptive
5  advertising message; (b) correct the false and misleading perception Defendants
6  have created in the minds of consumers through its representations and omissions;
7  and (c) secure redress for consumers who have purchased one or more DeMarini
8  Softball Bats.  Plaintiffs, on behalf of themselves and Class Members, allege
9  violations of: (1) the Consumers Legal Remedies Act, California Civil Code §§
10  1750, *et seq.* ("CLRA"); (2) the California Business & Professions Code §§ 17200,
11  *et seq.* ("UCL"); (3) Song—Beverly Warranty Act, California Civil Code §§ 1792,
12  *et seq.*; (4) breach of express warranty in violation of, among other state statutes,
13  Cal. Com. Code § 2313 and common law; (5) breach of implied warranty; (6) strict
14  products liability—defective design or manufacture; (7) strict products liability—
15  failure to warn; and (8) violation of the Magnuson-Moss Warranty Act ("MMWA"),
16  15 U.S.C. § 2301(1).

## PARTIES

*Plaintiffs*

19       14.  Plaintiff Oda is an individual who resides in Santa Ana, California and
20  is a citizen of California.

21       15.  Plaintiff Roth is an individual who resides in Rancho Santa Margarita,
22  California and is a citizen of California.

23       16.  During the relevant period, Plaintiffs, while in the state of California,
24  were exposed to and saw Defendants' material, deceptive marketing claims and
25  packaging.  As a result of that misleading marketing and Defendants' omissions,
26  Plaintiffs believed that DeMarini's products were strong, made of quality materials,
27  safe and would not crack, bend, and flatten during normal use.  While in the state of

- 7 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

California, Plaintiffs purchased the Softball Bats. Had Defendants disclosed the Softball Bats contained manufacturing and design defects by which the Softball Bats had the propensity to and did break, crack and flatten with minimal, or even on the first use, which is, or should have been known to Defendants, and as established by numerous complaints and internal testing, Plaintiffs would not have purchased Defendants' Softball Bats. Thus, as a result of Defendants' material deceptive claims and omissions, Plaintiffs suffered injury in fact and lost money.

17. Plaintiff Oda purchased a Softball Bat on May 23, 2015 from an online authorized dealer, hq4sports.com. Plaintiff Oda received his Softball Bat in the mail on May 29, 2015.

18. Plaintiff Oda used the Softball Bat for its intended use, to play softball, just one time. Plaintiff Oda took his brand new Softball Bat to his league game the very same day he received it in the mail. On May 29, 2015, Plaintiff Oda took his first swing with his new DeMarini Softball Bat. Plaintiff Oda struck a regulation softball used in his regulated league and immediately heard the sound of the Softball Bat cracking. Plaintiff Oda ran to first base, and called time-out to view his brand new bat. Plaintiff Oda noticed that his bat had cracked down the entire barrel (approximately 12 inches) upon the very first use. Plaintiff Oda was outraged and extremely upset that this Softball Bat, which cost $189.95, would sustain a foot-inch crack on the very first contact with a regulation softball. Plaintiff Oda called DeMarini on numerous occasions to discuss the defective Softball Bat with customer service. Each time, DeMarini customer service would inform Plaintiff Oda that they would not refund his money, would not replace the bat with another White Steel and would not give him store credit with which to purchase another DeMarini Softball Bat. Plaintiff Oda has been damaged in at least the amount he purchased the Softball Bat.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

19.   Plaintiff Roth purchased a DeMarini White Steel Softball Bat on January 22, 2015 from an online authorized dealer, Amazon.com.  Plaintiff Roth received his Softball Bat in the mail on January 26, 2015.  Plaintiff Roth used the Softball Bat for its intended use, to play softball in his Irvine City league for approximately one to two weeks.  After approximately three games using his brand new DeMarini Softball Bat, he noticed extreme flattening, cracking and bending on the barrel of the bat.  Plaintiff Roth called DeMarini on numerous occasions to discuss the defective Softball Bat with customer service.  Each time, DeMarini customer service would inform Plaintiff Roth that they would not refund his money, would not replace the bat with another White Steel and would not give him store credit with which to purchase another DeMarini Softball Bat.  Plaintiff Roth has been damaged in the amount he purchased the Softball Bat, which on information and belief, was for the amount of $229.95.

***Defendants***

20.   DeMarini Sports, Inc. is an Oregon Corporation that is owned by Wilson Sporting Goods Co, an Illinois Corporation.  DeMarini Sports, Inc. is engaged in the business of designing, manufacturing and selling softball bats to consumers either directly through their website or through major retail chains nationwide.

21.   Plaintiffs allege, on information and belief, that at all times herein, Defendants' agents, employees, representatives, executives, directors, partners, and/or subsidiaries were acting within the course and scope of such agency, employment, and representation, on behalf of Defendants.

22.   Each of defendant DOES 1 through 10 is the agent, servant, partner, joint-venturer, co-venturer, principal, director, officer, manager, employee or shareholder of one or more of its co-defendants who aided, abetted, controlled, and directed or conspired with and acted in furtherance of said conspiracy with one or

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

more of its co-defendants in said co-defendants performance of the acts and omissions described herein.  Plaintiffs sue each of these Doe defendants by these fictitious names because Plaintiffs do not know these defendants' true names and capacities at this time.

**FACTUAL ALLEGATIONS**

**I.    THE   DEMARINI   WHITE   STEEL   WTDXWHI   SLOW   PITCH SOFTBALL BAT**

23.    DeMarini is one of the world's largest privately held bat companies and has been around for more than 25 years.  It develops, designs, manufactures and sells baseball and softball bats, including the DeMarini White Steel WTDXWHI Slow Pitch Softball Bat, nationwide through direct website sales and through nationwide retailers such as Big 5 Sporting Goods, Sports Authority, Dick's Sporting Goods and Sports Chalet.  DeMarini's one-year limited warranty for the Softball Bats provides DeMarini "repair or one time replacement of your bat within one year from the date of purchase":



COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

24.     DeMarini warrants the Softball Bats against defects in material or workmanship for one year from the date of purchase.  In numerous cases as established by Plaintiffs' experiences, the DeMarini Softball Bats failed within a few or even a single use – well within the claimed one-year warranty.

25.     Any limitations on remedies contained in Defendants' express warranties fails of their essential purpose and are unenforceable with respect to the manufacturing and design defects alleged herein.

26.     The defects manifest themselves in one of three ways: (1) the barrel of the bat bending upon striking a regulation softball minimal times (or even a single time); (2) the barrel of the bat flattening upon striking a regulation softball minimal times (or even a single time); or (3) the barrel of the bat cracking upon striking a regulation softball minimal times (or even a single time).

27.     Plaintiffs, while using the Softball Bat for its intended purpose, to wit: to play softball, experienced substantially similar incidents (i.e., cracking/bending/flattening) after minimal use (or even a single time), which resulted from the same manufacturing and/or design defects.

28.     The defects identified above typically occur within the first few uses or even the very first use.  The defects' presence is material because the defects cause the Softball Bats to bend/crack/flatten, thereby depriving consumers of the use and utility of their product.  The defects are also material because neither Plaintiffs nor any reasonable consumer would have purchased the DeMarini Softball Bats had they been aware of its propensity to break, flatten and crack during normal and minimal use.  The retail cost of the DeMarini Softball Bats at issue here, range from $189.95 to $229.95.  Defendants' unfair and unlawful business practices have caused Plaintiffs and other consumers to spend millions of dollars on the purchase and/or pay a premium price for a defective and potentially dangerous softball bat, which they would not otherwise have spent had they known that the Softball Bats

– 11 –

were defective and were not fit for normal use.  Defendants have made an illegal profit which should be disgorged and returned to the proposed class.

## II. CONSUMER COMPLAINTS DEMONSTRATE THE COMMON DEFECTIVE NATURE OF THE DEMARINI SOFTBALL BATS AND DEMARINI'S FAILURE TO DISCLOSE OR WARN CONSUMERS OF THE DEFECTS

29.    Although numerous consumers, including Plaintiffs, reported the defects directly to Defendants, DeMarini failed to adequately notify consumers or retailers, which sell their products, of the common manufacturing and/or design defects of the Softball Bats, and in fact, misled and deceived consumers through affirmative misrepresentations that their bats were made of a high standard, quality or grade.

30.    At all times relevant herein, DeMarini knew or should have known that the defects were not known or reasonably discoverable by Plaintiffs and consumers before they purchased the Softball Bats.  DeMarini has exclusive knowledge of the defective nature of the Softball Bats and the bats propensity to crack, flatten, and/or bend with minimal use (or even a single use).  As the manufacturer, marketer and seller of the Softball Bats, DeMarini alone possessed specialized knowledge about the design and manufacturing process and is in a superior position to know and learn of potential defects.  As established by Plaintiffs' experiences and the many consumers of the defective Softball Bats who have gone through the trouble to complain not only directly to DeMarini, but by visiting online forums to complain about the bats cracking, flattening and deforming during normal and minimal use, DeMarini has actual notice of these defects.

31.    Plaintiffs are informed and believe that Defendants knew about the defects through sources not available to consumers including, but not limited to, pre-release testing data, manufacturer inspection, oversight of the manufacturing process, early consumer complaints about the defects to Defendants and related

- 12 –

1   retailers, testing or investigation conducted in response to those early complaints,

2   return and exchange data from customer service, among other internal sources of

3   aggregate information about the problem.  Thus, Plaintiffs are informed and believe

4   that when Defendants released the Softball Bats for sale to the consuming public,

5   DeMarini was already aware or had reason to know of the defects.  However, this

6   information was not available and was hidden to Plaintiffs and to the public.

7       32.    DeMarini was under a duty to disclose to Plaintiffs and consumers these

8   defects in the Softball Bats because DeMarini had exclusive knowledge of these

9   defects and was in a superior position to know the truth about the quality and nature

10   of the Softball Bats.  Through its exclusive design and manufacturing of the Softball

11   Bats, its own internal investigation and compilation of testing and consumer

12   complaint data, none of which was released to the public or otherwise available to

13   the public, DeMarini had exclusive control of the information regarding the defects

14   and actively concealed the existence of the defects from unwary consumers.  Despite

15   having knowledge of consumer complaints, DeMarini failed to make any attempt to

16   notify consumers or affect an immediate recall, thereby actively concealing the

17   defects from Plaintiffs and consumers for numerous years.  Even to this day,

18   DeMarini continues to actively conceal the serious nature of the defects and has

19   failed to adequately notify consumers who are still in possession and using the

20   Softball Bats.

21       33.    DeMarini intentionally failed to disclose to consumers the existence of

22   the defects or the potential dangers they could cause.  Only DeMarini had exclusive

23   knowledge of the results of its own internal investigation/testing, design,

24   manufacturing process, and consumer complaints directed to DeMarini.  DeMarini

25   was in a superior position to know the Softball Bats could bend, flatten, or crack, yet

26   none of this information was directly accessible to or was hidden from Plaintiffs and

27   Class Members.  DeMarini actively concealed from Plaintiffs and consumers the

28

- 13 –

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

defective nature of the Softball Bats to prevent an avalanche of consumers from not purchasing its products in the first place, or be placed in a position wherein it would have to replace hundreds of thousands of Softball Bats.

34.   From at least 2013, consumers nationwide have posted complaints of the same problems with the Softball Bats on consumer websites, including but not limited to, Amazon.com.   Consumers consistently reported the Softball Bats bending, denting, and/or cracking during normal use, and sometimes even at first use.  The complaints also reflect early and continued manifestation of the defects and DeMarini's refusal to recall the product or even to publicly warn consumers of the defects, as some of these samples show:

| Date | Comments/Source |
| --- | --- |
| 5/19/13 | "Cracked in my first game- I read on Demarini's website that ideal weather conditions for softball bats is above 60 degrees. I didn't use the bat until it was above 70 just to be sure. The bat still cracked on my second at bat. I sent the bat to Demarini about a month ago and still haven't received a new one. It might be bad luck, it might be a bad bat. You decide." Source: http://www.amazon.com/gp/customer-reviews/R3VEV9OIEJ6CEJ/ref=cm_cr_pr_rvw_ttl?ie=UTF8&ASIN=B009ABSYLW |
|  | "**Pros:**  It has great pop right out of the wrapper.<br>**Cons:**  Unfortunately, I had to send it back because just after using it in 3 1/2 games it BROKE!! It cracked about 5" from the top. I hope I can get in exchange the same bat ASAP. I don't know what |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| | | |
|---|---|---|
| | | happened." Source: http://www.justbats.com/reviews/demarini-steel-slow-pitch-softball-bat--dxwhi/16906/ |
| | | "**Pros:** Zero.<br>**Cons:** Purchased bat, after 3 batters used the bat of the first game, bat split. Sent it back for another. Received bat, got 5 batters into it, again split." Source: http://www.justbats.com/reviews/demarini-steel-slow-pitch-softball-bat--dxwhi/16906/ |
| | 7/8/13 | "Hits awesome but dents easy- Had to send it back after 2 games due to excessive denting. Bat has a lot of pop, just doesn't seem to last. I play in warm weather so that's not the reason. Noticed a lot of other softball teams dealing with the same issue on the same bat. Just bought the 2013 model (black). Seems to be holding up a little better. I sent mine back and still waiting for a new one. They received it on June 27, 2013, so we'll see." Source: http://www.amazon.com/gp/customer-reviews/R3RJMV2CGFDOCD/ref=cm_cr_pr_rvw_ttl?ie=UTF8&ASIN=B009ABSYLW |
| | 10/14/13 | "It Cracked in two weeks- I did receive the bat in a short time, service was very good. I and some of my team mates used the bat. The softballs we use are rated at 40, the softest ball that is used. The temperature was never that low, DeMarini states that the temperature should be above 60F because the balls get hard? Less that 1000 balls had been hit with the bat and it cracked. DeMarini sent me a RMA and I have sent it back. We Will see." Source: http://www.amazon.com/gp/customer-reviews/R2VPGS6VO37VX2/ref=cm_cr_pr_rvw_ttl?ie=UTF8&ASI |

- 15 –

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| | | N=B009ABSYLW |
|---|---|---|
| | 6/1/14 | "**Pros**: None<br>**Cons**: Cracked in three spots after a game and a half, have heard nothing but bad things about these bats and demarini could care less."<br>Source: https://www.cheapbats.com/shop/2014-demarini-white-steel-slowpitch-softball-bat-wtdxwhi14-p-6169.html |

35.    On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, through testing, research, and complaints, among other things, Defendants knew or should have known that the Softball Bats were defective because of their propensity to bend/flatten/crack during normal and intended use. DeMarini concealed and omitted information regarding the defects in their advertising, marketing, warranty documents accompanying the Softball Bats and other communications in a manner that has deceived and is likely to continue to deceive consumers and the public.    Defendants were aware of the defects, but concealed that information from Plaintiffs and the proposed class.

36.    Over the past several years, consumers have also reported the problem directly to DeMarini's corporate offices that failed and refused to recall the product. DeMarini has never proactively informed or warned consumers about the defects' existence.    Defendants never revealed the existence of the defects in its marketing materials, website or retailers where consumers can purchase the product. Reasonable consumers, like Plaintiffs, especially in light of DeMarini's representations about the quality of its products and its manufacturing process, reasonably expect that DeMarini's Softball Bats will function in the manner they were intended to be used and were free from defects.    Plaintiffs and the proposed class further reasonably expect that Defendants will not sell their Softball Bats with

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   known defects, and would have disclosed such defects to their consumers in an
2   adequate manner when it learned of them.

3       37.    Despite DeMarini's exclusive knowledge of the defects at all times
4   relevant herein, Defendants have concealed and suppressed these facts from the
5   public and consumers who purchase and use the product.

6   **III.**   **DEMARINI'S ADVERTISEMENTS AND MARKETING FOR ITS
7   DEMARINI SOFTBALL BATS ARE MATERIALLY DECEPTIVE, FALSE AND MISLEADING**

8       38.    For years, DeMarini publically touted, in its marketing and on its
9   website, about how it is the "Maker of the World's Finest Bats," despite its
10  knowledge the Softball Bats could and did have a propensity to fail due to common
11  design and/or manufacturing defects. Defendants' website –
12  http://www.demarini.com/en-us/forms/customer-service - states, "Along with insane
13  dedication to performance comes an insane dedication to quality. Our technology
14  and durability is unmatched and we offer an exceptional warranty to secure your
15  investment."[4]   DeMarini's website continues by stating: "DeMarini offers an
16  exceptional warranty to secure your investment. If under warranty, our policy is to
17  provide you with repair or one time replacement of your bat within one year from
18  the date of purchase. The DeMarini Factory Warranty covers the following three
19  items- there are no other warranties. (1) A severely dented bat for one year from the
20  date of purchase; (2) The end-plug and knob may be repaired or replaced if found
21  defective for one year from the date of purchase; and (3) Cracked from normal use
22  for one year from the date of purchase. Despite the unambiguous warranty and the
23  Plaintiffs' Softball Bats clearly falling into the warranty categories, DeMarini failed
24  to abide by and honor the claimed warranty. Plaintiffs were unable to "protect their
25  investment" as was promised by DeMarini, because DeMarini refused to refund their

26  _____
27  [4] http://www.demarini.com/en-us/forms/customer-service.

28
    **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

money or make Plaintiffs whole.  Further, DeMarini failed to even issue a warning to consumers of the known defects, depriving consumers, at the point of purchase, the opportunity to make an informed decision on whether to buy the product or purchase the product at the retail price.

39.     Defendants have carried out a consistent and widespread campaign of deceptively promoting the quality, grade and characteristics of their Softball Bats. Its core marketing statement that DeMarini has "an insane dedication to quality" and its "technology and durability is unmatched" or similar variations, is false and misleading given the actual occurrences and complaints discussed above that have revealed a manufacturing and/or design defects in the Softball Bats, which cause the barrel of the Softball Bats to bend, flatten, and/or crack with minimal, or even a single use.

40.     While Defendants have been fully aware of the Softball Bats' defects and loss of use suffered by their consumers, Defendants actively concealed the existence and nature of the defects from Plaintiffs and the proposed class at the time of purchase, and thereafter.  Specifically, Defendants failed to disclose or actively concealed at and after the time of purchase:

        a.    Any and all known material defects or material nonconformity of the Softball Bats, including the risk of cracking, bending, flattening and breaking with minimal and intended use;

        b.    That the Softball Bats were not in good working order, were defective, and were not fit for their intended purposes; and

        c.    That the Softball Bats were defective, despite the fact that Defendants learned of such defects through consumer complaints, internal investigation, testing, and related research data, as well as other internal sources.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

41.    Plaintiffs and the proposed class were, at all times relevant, ignorant of the existence of the defects and, knowing this, DeMarini continued to broadly market and sell this product online and through nationwide retailers.

42.    Through such acts of fraudulent concealment, DeMarini has successfully concealed from the public facts necessary to support the claims alleged herein.  Plaintiffs, the general public and others similarly situated, were and are prevented from knowing and having knowledge of such unlawful, unfair, and/or deceptive conduct or of facts that might have led to the discovery thereof.

43.    DeMarini's wrongful acts caused Plaintiffs and the proposed class to purchase Softball Bats they otherwise would not have purchased, paid more for those Softball Bats than they would have paid, have a product that has diminished in value, and/or have lost use of a product.

44.    Defendants omitted and concealed these defects and dangers from consumers, including Plaintiffs.  Thus, consumers using the Softball Bats would have no reasonable expectation that the Softball Bats would bend/flatten/crack while using the product for its intended use.

45.    Defendants, through years of consumer complaints and first-hand knowledge, were aware of the Softball Bats' defects.  Despite Defendants' knowledge of the Softball Bat's propensity to bend/flatten/crack, DeMarini has perpetrated a fraud-by-omission on Plaintiffs and consumers who purchased the Softball Bats. DeMarini at all times herein, had exclusive knowledge of the material facts (the defects) which were not known to Plaintiffs or other similarly situated consumers. Defendants had a duty to disclose the defects to Plaintiff and consumers, yet failed to do so.

46.    Plaintiffs are informed and believe Defendants have acknowledged internally that the cause of the bending/flattening/cracking of the barrel originated from defects in the Softball Bats' design, materials, assembly and/or workmanship.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

47.     Defendants continue to conceal the material information, even post-sale, from consumers, users, and the public, through their failure to notify customers that the Softball Bats: (a) are inherently defective; and (b) are not of merchantable quality or fit for their ordinary purpose.

48.     Defendants' statements and omissions have occurred in at least three forms, all of which constitute "advertising." These include: its print advertisements, authorized retailer advertisements, and their website through which they directly sell the Softball Bats to the public. Defendants' pervasive advertising message conveys the impression that their Softball Bats are strong and are made of good quality materials and are free of defects. As demonstrated above in Section II, however, this is materially deceptive, false and misleading given the information revealed by complaints that DeMarini's Softball Bats have a potential to fail during normal use.

49.     DeMarini's pattern of deceptive marketing continues today, including through use of its "World's Finest Bat" slogan (or the like) in its advertisements, and other false, misleading and deceptive statements.

50.     As demonstrated above, Defendants' pervasive advertisements representing that DeMarini Softball Bats provide "superior strength and quality" are materially deceptive, false and misleading given the complaints discussed above in Section II.

## CLASS DEFINITION AND ALLEGATIONS

51.     Plaintiffs bring this action as a class action pursuant to Rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure ("Rule") for the purpose of asserting the claims alleged in this Complaint on a common basis. Plaintiffs bring this action on behalf of themselves and all members of the following classes (the "Classes") comprised of:

   a.     **All persons, exclusive of Defendants and their employees, who purchased in the United States, one**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1                 **or more of the DeMarini Softball Bats within the**

2                 **fours of the filing of this Complaint to the present (the**

3                 **"Class Period") (the "Nationwide Class").**

4       b.       **All persons, exclusive of Defendants and their**

5                 **employees, who purchased in or from California, one**

6                 **or more of the DeMarini Softball Bats within the**

7                 **Class Period (the "California Class").**

8      52.    ***Numerosity.  Rule 23(a)(1).***  The members of the Classes are so

9 numerous that their individual joinder is impracticable.  Plaintiffs are informed and

10 believe that the proposed Classes contain at least thousands of purchasers of the

11 Softball Bats who have been damaged by Defendants' conduct as alleged herein.

12 The number of Class Members is unknown to Plaintiffs but will be easily discerned

13 from the records maintained by Defendants and retailers.

14      53.    ***Existence of Common Questions of Law and Fact.  Rule 23(a)(2).***

15 This action involves common questions of law and fact, which include, but are not

16 limited to, the following:

17       a.       Whether the statements made by Defendants as part of its

18                 advertising for the Softball Bats discussed herein are true, or are

19                 reasonably likely to deceive, given the omissions of material fact

20                 described above;

21       b.       Whether Defendants' conduct described herein constitutes a

22                 deceptive act or practice in violation of the CLRA;

23       c.       Whether Defendants' conduct described herein constitutes an

24                 unlawful, unfair, and/or fraudulent business practice in violation

25                 of the UCL;

26

27

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

d. Whether Defendants' conduct described herein constitutes unfair, deceptive, untrue or misleading advertising in violation of the UCL;

e. Whether Defendants' conduct constitutes a breach of express warranty;

f. Whether Defendants' conduct constitutes a breach of the implied warranty of merchantability;

g. Whether the DeMarini Softball Bats are defective in manufacturing and/or design;

h. Whether DeMarini failed to warn consumers of the defects in the DeMarini Softball Bats;

i. Whether Plaintiffs and the other members of Classes are entitled to damages; and

j. Whether Plaintiffs and the Classes are entitled to injunctive relief, restitution or other equitable relief and/or other relief as may be proper.

54. ***Typicality.  Rule 23(a)(3).*** All members of the Classes have been subject to and affected by the same conduct of and omissions by Defendants. The claims alleged herein are based on the same violations by Defendants that harmed Plaintiffs and members of the Classes. By purchasing DeMarini's Softball Bats during the relevant time period, all members of the Classes were subject to the same wrongful conduct. Plaintiffs' claims are typical of the Classes' claims and do not conflict with the interests of any other members of the Classes. Defendants' unlawful, unfair, deceptive, and/or fraudulent actions and breaches of warranty concern the same business practices described herein irrespective of where they occurred or were experienced.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

55. ***Adequacy. Rule 23(a)(4).*** Plaintiffs will fairly and adequately protect the interests of the members of the Classes. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Classes.

56. ***Injunctive and Declaratory Relief. Rule 23(b)(2).*** Defendants' actions regarding the deceptions and omissions regarding DeMarini's Softball Bats are uniform as to members of the Classes. Defendants have acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief as requested herein is appropriate respecting the Classes as a whole.

57. ***Predominance and Superiority of Class Action. Rule 23(b)(3).*** Questions of law or fact common to the Classes predominate over any questions affecting only individual members and a class action is superior to other methods for the fast and efficient adjudication of this controversy, for at least the following reasons:

    a.   Absent a class action, members of the Classes as a practical matter will be unable to obtain redress, Defendants' violations of their legal obligations will continue without remedy, additional consumers will be harmed, and Defendants will continue to retain their ill-gotten gains;

    b.   It would be a substantial hardship for most individual members of the Classes if they were forced to prosecute individual actions;

    c.   When the liability of Defendants has been adjudicated, the Court will be able to determine the claims of all members of the Classes;

    d.   A class action will permit an orderly and expeditious administration of each class member's claims and foster

- 23 -

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1                 economies of time, effort, and expense;

2          e.     A class action regarding the issues in this case does not create

3                 any problems of manageability; and

4          f.     Defendants have acted on grounds generally applicable to the

5                 members of the Classes, making class-wide monetary relief

6                 appropriate.

7       58.    Plaintiffs do not contemplate complications with class notice if the

8 Classes are certified under Rule 23(b)(2), which does not require notice, and notice

9 to the putative Classes may be accomplished through publication, signs or placards

10 at the point-of-sale, or other forms of distribution, if necessary, if the Classes are

11 certified under Rule 23(b)(3) or if the Court otherwise determines class notice is

12 required Plaintiffs will, if notice is so required, confer with Defendants and seek to

13 present the Court with a stipulation and proposed order on the details of a class

14 notice program.

15                       **FIRST CAUSE OF ACTION**

16     **Injunctive Relief for Violations of the Consumers Legal Remedies Act**
                     **(Cal. Civil Code §§ 1750, *et seq.*)**

17    **(By Plaintiffs Asserted on Behalf of Themselves and the California Class**
                         **Against Defendants)**

18       59.    Plaintiffs repeat and reallege the allegations contained in the paragraphs

19 above, as if fully set forth herein.

20       60.    This cause of action is brought pursuant to the Consumers Legal

21 Remedies Act, California <u>Civil Code</u> sections 1750, *et seq.* ("CLRA" or the "Act"),

22 which provides that enumerated listed "unfair methods of competition and unfair or

23 deceptive acts or practices undertaken by any person in a transaction intended to

24 result or which results in the sale or lease of goods or services to any consumer are

25 unlawful," CLRA section 1770, and that "[a]ny consumer who suffers any damage

26 as a result of the use or employment by any person of a method, act, or practice

27 declared to be unlawful by Section 1770 may bring an action against such person to

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   recover or obtain," various forms of relief, including injunction and damages.  Cal.

2   Civ. Code § 1780.  This cause of action is seeks injunctive relief on behalf of the

3   California Class at this time, but Plaintiffs will amend this Complaint to seek

4   damages should Defendants fail to correct and cure their deceptive and unlawful

5   practices within 30 days of being provided with the CLRA notice letter.

6       61.   On December 16, 2015, prior to the filing of this Complaint, Plaintiffs

7   sent Defendants a CLRA notice letter providing the notice required by California

8   Civil Code section 1782(a).  Plaintiffs sent the letter via certified mail, return receipt

9   requested, to Defendants and their agent for service of process advising Defendants

10  that they are in violation of the CLRA and must correct, replace or otherwise rectify

11  the goods and/or services alleged to be in violation of section 1770.  Defendants

12  were further advised that in the event the relief requested has not been provided

13  within 30days, Plaintiffs will amend their Complaint to include a request for

14  monetary damages pursuant to the CLRA.  A true and correct copy of Plaintiffs'

15  letter is attached hereto as Exhibit A.

16      62.   Plaintiffs were deceived by Defendants' unlawful practices as described

17  more fully above, which included carrying out an advertising campaign, directed at

18  Plaintiffs and the California Class, conveying the message that DeMarini's Softball

19  Bats are the "World's Finest," "unmatched" performance, durability and quality, and

20  variations of those statements, which are deceptive, false and misleading given the

21  complaints, studies and the defects identified above which are known or should be

22  known to Defendants.

23      63.   Defendants' actions, misrepresentations and conduct have violated, and

24  continue to violate the CLRA, because they extend to transactions that are intended

25  to result, or which have resulted, in the sale of goods to consumers.

26      64.   Defendants' marketed, sold and distributed DeMarini Softball Bats in

27  California and throughout the United States during the Class Period.

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

65.    Plaintiffs and members of the California Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

66.    Defendants' DeMarini Softball Bats were and are "good[s]" within the meaning of Cal. Civ. Code §§ 1761(a) & (b).

67.    Defendants violated the CLRA by engaging in at least the following practices proscribed by California Civil Code section 1770(a) in transactions with Plaintiffs and the members of the California Class which were intended to result in, and did result in, the sale of DeMarini Softball Bats:

> (2) Misrepresenting the source, sponsorship, approval, or certification of goods ...
>
> ***
>
> (5) Representing that [DeMarini Softball Bats] have . . . approval, characteristics . . . uses [or] benefits . . . which [they do] not have . . . .
>
> ***
>
> (7) Representing that [DeMarini Softball Bats are] of a particular standard, quality or grade . . . if [they are] of another.
>
> ***
>
> (9) Advertising goods . . . with intent not to sell them as advertised.
>
> *** (14) Representing that a transaction confers or involves rights [or] remedies ... which it does not have ...

68.    As such, Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices because they do not sell, and because they intend not to sell, the DeMarini Softball Bats as advertised and instead misrepresent the particulars by, in their marketing, representing DeMarini Softball Bats as described above when they knew, or should have known, that the representations and advertisements were deceptive, false and misleading in light of the omissions of

1    material facts as described above.

2        69.    The omitted information would have been material to a reasonable
3    customer in his or her decision as to whether to purchase the DeMarini Softball Bats
4    and/or purchase the DeMarini Softball Bats at the price at which they were offered.

5        70.    Defendants had a duty to disclose this information to Plaintiffs and the
6    members of the California Class for several reasons.  First, Defendants repeatedly
7    made representations that their products are the "World's Finest," have "unmatched"
8    performance, durability and quality, or closely analogous representations, as detailed
9    above.    Disclosure of the omitted information, including information in the
10   complaints and defects referred to *supra* in Section II, was necessary to avoid the
11   false impression of the quality, characteristics and benefits attached to their primary
12   taglines.    Second, Defendants were in a position to know, both from their own
13   product knowledge, creation decisions and studies of the defects in its DeMarini
14   Softball Bats, while consumers were not reasonably in a position to be aware of
15   Defendants' internal product information or such studies.    Third, Defendants
16   actively omitted to disclose, or actively concealed, these material facts to Plaintiffs
17   and the members of the California Class.

18       71.    Defendants provided Plaintiffs and the other members of the California
19   Class members with DeMarini Softball Bats that did not match the quality portrayed
20   by its marketing.

21       72.    As a result, Plaintiffs and members of the California Class have
22   suffered irreparable harm.    Plaintiffs' and the other California class members'
23   injuries were proximately caused by Defendants' conduct as alleged herein.
24   Plaintiffs, individually and on behalf of the members of the California Class, seek
25   entry of an order enjoining Defendants from continuing to employ the unlawful
26   methods, acts and practices alleged herein pursuant to California Civil Code section
27   1780(a)(2), awarding exemplary and punitive damages against Defendants pursuant

28
                                    - 27 -

1   to California Civil Code sections 1780(a)(1) and (a)(4), and ordering the payment of

2   costs and attorneys' fees, and such other relief as deemed appropriate and proper by

3   the Court under California Civil Code section 1780(a)(2).   If Defendants are not

4   restrained from engaging in these practices in the future, Plaintiffs and the members

5   of the California Class will continue to suffer harm.

6       73.    Pursuant to section 1780(d) of the CLRA, attached hereto as Exhibit B

7   and C are the affidavits showing that this action has been commenced in the proper

8   forum.

9   

**SECOND CAUSE OF ACTION**
**Injunctive and Equitable Relief for Violations of California's Unfair**
**Competition Law**
**(Cal. Business & Professions Code §§ 17200, *et seq.*)**
**(By Plaintiffs Asserted on Behalf of Themselves and the California Class**
**Against Defendants)**

12       74.    Plaintiffs repeat and reallege the allegations contained in the paragraphs

13   above, as if fully set forth herein.

14       75.    The Unfair Competition Law, Cal. Business & Professions Code

15   sections 17200, *et seq.* ("UCL"), prohibits any "unlawful," "unfair," or fraudulent,

16   business act or practice and any false or misleading advertising.

17       76.    In the course of conducting business, Defendants committed unlawful

18   business practices by, *inter alia*, making the representations (which also constitute

19   advertising within the meaning of § 17200) and omissions of material facts, as set

20   forth more fully herein, and violating Cal. Civil Code §§ 1750, *et seq.*, and the

21   common law.

22       77.    Plaintiffs, individually and on behalf of other members of the California

23   Class, reserve the right to allege other violations of law which constitute other

24   unlawful business acts or practices.   Such conduct is ongoing and continues to this

25   date.

26       78.    Defendants' actions constitute "unfair" business acts or practices

– 28 –

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

because, as alleged above, *inter alia*, Defendants engage in deceptive and false advertising, and misrepresent and omit material facts regarding their DeMarini Softball Bats, and thereby offend an established public policy, and engage in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.  This conduct constitutes violations of the unfair prong of Business & Professions Code §§ 17200, *et seq.*

79.    Business & Professions Code §§ 17200, *et seq.*, also prohibits any "fraudulent business act or practice."

80.    Defendants' actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, also constitute "fraudulent" business practices in violation of the UCL because, among other things, they are false, misleading, and/or likely to deceive reasonable consumers within the meaning of Business & Professions Code §§ 17200, *et seq.*

81.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

82.    As a result of Defendants' pervasive false marketing, including deceptive and misleading acts and omissions as detailed in this Complaint, Plaintiffs and other members of the California Class have in fact been harmed as described above.  If Defendants had disclosed the information discussed above about the DeMarini Softball Bats and otherwise been truthful about their quality and characteristics, Plaintiffs would not have purchased Defendants' products.  Defendants were also able to charge more than what its DeMarini Softball Bats would have been worth had it disclosed the truth about them.

83.    As a result of Defendants' unlawful, unfair, and fraudulent practices, Plaintiffs and the other California Class Members have suffered injury in fact and lost money.

84.    As a result of their deception, Defendants have been able to reap unjust

– 29 –

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    revenue and profit in violation of the UCL.

2        85.    Unless restrained and enjoined, Defendants will continue to engage in

3    the above-described conduct.   Accordingly, injunctive relief is appropriate for

4    Plaintiffs and the members of the California Class.

5        86.    As a result of Defendants' conduct in violation of the UCL, Plaintiffs

6    and members of the California Class have been injured as alleged herein in amounts

7    to be proven at trial because they purchased DeMarini Softball Bats without full

8    disclosure of the material facts discussed above.

9        87.    As a result, Plaintiffs, individually and on behalf of the California

10   Class, and the general public, seek restitution and disgorgement of all money

11   obtained from Plaintiffs and the members of the California Class collected by

12   Defendants as a result of unlawful, unfair, and/or fraudulent conduct, and seek

13   injunctive relief and restitution, and all other relief this Court deems appropriate,

14   consistent with Business & Professions Code § 17203.

15                          **THIRD CAUSE OF ACTION**
     **Damages and Civil Penalties for Violations of Song—Beverly Warranty Act**
16                    **(Cal. Civil Code §§ 1792,** *et seq.***)**
     **(By Plaintiffs Asserted on Behalf of Themselves and the California Class**
17                          **Against Defendants)**

18       88.    Plaintiffs repeat and reallege the allegations contained in the paragraphs

19   above, as if fully set forth herein.

20       89.    Under the Song-Beverly Warranty Act, California Civil Code §§ 1792,

21   *et. seq.,* every sale of consumer goods in California is accompanied by both a

22   manufacturer's and retail seller's implied warranty that the goods are merchantable.

23       90.    Plaintiffs and members of the California Class each purchased one or

24   more of the Softball Bats from retailers located in California and/or through

25   DeMarini directly via its website.  The Softball Bats are "consumer goods" within

26   the meaning of California Civil Code §1791(a).

27       91.    Defendants are in the business of manufacturing and selling the Softball

28                              - 30 –
     COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Bats to retail buyers, and is therefore a "manufacturer" and "seller" within the meaning of California Civil Code § 1791.

92. Defendants impliedly warranted to Plaintiffs and members of the California Class that the Softball Bats were of merchantable quality, would pass without objection in the trade or industry, were fit for the ordinary purposes for which the Softball Bats are used, and would measure up to the promises or facts represented in their advertising and marketing.

93. Plaintiffs and members of the California Class discovered the defects in the DeMarini Softball Bats within one year of the purchase of the Softball Bats and/or defects were present during the implied warranty period. However, the warranty was not fulfilled and Plaintiffs and the members of the California Class were not made whole by Defendants.

94. As described in detail above and below, Defendants have breached the implied warranties because the Softball Bats sold to Plaintiffs and members of the California Class were not of the same quality as those generally acceptable in the trade, were not fit for the ordinary purposes for which such goods are used, and did not measure up to the promises or facts represented in their advertising and marketing because the Softball Bats have defects, which cause the bats to bend, flatten, and/or crack during normal and intended use.

95. As a direct and proximate result of DeMarini's breach of the Song-Beverly Act, Plaintiffs and members of the California Class sustained damages and other losses in an amount to be determined at trial. DeMarini's conduct has caused Plaintiffs and members of the California Class as described above to incur compensatory damages, consequential damages, statutory damages, costs, attorneys' fees and interest.

///

///

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1
2

## FOURTH CAUSE OF ACTION
### Damages for Breach of Implied Warranty
**(By Plaintiffs Asserted on Behalf of Themselves and the Nationwide Class Against Defendants)**

3      96.     Plaintiffs repeat and reallege the allegations contained in the
4 paragraphs above, as if fully set forth herein.

5      97.     Plaintiffs bring this claim individually and on behalf of the Nationwide
6 Class.

7      98.     Plaintiffs purchased the DeMarini Softball Bats from DeMarini's
8 authorized retailers in the United States.

9      99.     Pursuant to agreements for resale of the Softball Bats between
10 DeMarini and nationwide retailers including, but not limited to, Big 5 Sporting
11 Goods, Sports Authority, Dick's Sporting Goods and Sports Chalet, Plaintiffs and
12 the Nationwide Class are third-party beneficiaries of such contracts.

13      100.    At the time of sale, and currently, Defendants are in the business of
14 manufacturing, distributing and selling the Softball Bats.

15      101.    DeMarini impliedly warranted that its DeMarini Softball Bats were of
16 good and merchantable quality—fit for their ordinary intended use.

17      102.    Defendants knowingly and/or recklessly sold a defective product
18 without conspicuously informing consumers about the design and/or manufacturing
19 defects in the DeMarini Softball Bats manufactured, distributed and/or sold by
20 DeMarini to retailers throughout the United States.  Defendants possessed actual,
21 superior knowledge of the Softball Bat's propensity to bend, flatten, and/or crack
22 based on consumer complaints filed through DeMarini's customer service
23 representatives and internal investigations.

24      103.    Defendants' waiver and/or limits on implied warranties are
25 unconscionable and unenforceable since Plaintiffs and the Nationwide Class had no
26 meaningful choice in determining those time limitations, the warranties are written
27 by Defendants without input from consumers, a gross disparity in bargaining power

28
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

exists between Defendants and members of the Nationwide Class, and Plaintiffs and Nationwide Class members had no way of knowing the unilateral limitations placed on the implied warranty by Defendants until they had already purchased, opened and used the product, Defendants knew or should have known that the Softball Bats were defective at the time of sale and have a propensity to fail before the one year warranty period lapses, and Plaintiffs and Nationwide Class members were unfairly surprised by the concealment of the material facts of the defects causing their Softball Bats to bend, flatten, and/or crack with minimal, or even a single normal use.

104.   Plaintiffs and the Nationwide Class members' Softball Bats became unfit for their ordinary purpose of safely playing softball within the implied warranty period.  However, Defendants refused to honor the warranty put forth to the public.

105.   The inherent design/manufacturing defects in the Softball Bats existed when the Softball Bats left Defendants' and their authorized resellers' possession and render the Softball Bats unfit for their intended use and purpose.

106.   As a direct and proximate result of Defendants' breach of their implied warranty, Plaintiffs and members of the Nationwide Class have sustained damages and other losses in an amount to be determined at trial.  Plaintiffs and the members of the Nationwide Class are entitled to recover legal and equitable relief against Defendants, including damages, civil penalties, attorneys' fees, litigation costs and other relief provided by law and that the Court deems proper.

## FIFTH CAUSE OF ACTION
**Damages for Strict Products Liability—Defective Design and/or Manufacture**
**(By Plaintiffs Asserted on Behalf of Themselves and the California Class Against Defendants)**

107.   Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

108.   Plaintiffs bring this claim individually and on behalf of the California

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   Class.

2       109.  Defendants designed, created, manufactured and distributed the

3   DeMarini Softball Bats at issue in this matter.

4       110.  Plaintiffs and California Class members purchased DeMarini Softball

5   Bats which were manufactured, distributed or sold by Defendants.

6       111.  At the time the DeMarini Softball Bats left the manufacturer and

7   control of Defendants and were sold, the Softball Bats were defective in design

8   and/or manufacturing in that they had a propensity to bend, flatten, and/or crack

9   during normal and intended use.

10      112.  The Softball Bats failed to perform as safely as an ordinary consumer

11   would have expected them to perform.

12      113.  The negligible additional cost incurred to eliminate these defects is far

13   outweighed by the likelihood that the defect would manifest itself, the feasibility of

14   an alternative design, and the cost on an alternative design.

15      114.  As a result of the defective design and/or manufacturing of the Softball

16   Bats, and failure of the Softball Bats to conform to Defendants' representations,

17   Plaintiffs and California Class members have suffered damages, the amounts of

18   which will be determined at trial.  Defendants are strictly liable for the harm caused

19   by the design and/or manufacturing defects.  Plaintiffs and the California Class are

20   also entitled to costs of litigation, attorneys' fees and any other or further relief the

21   Court deems proper.

### SIXTH CAUSE OF ACTION
**Damages for Strict Products Liability—Failure to Warn**
**(By Plaintiffs Asserted on Behalf of Themselves and the California Class Against Defendants)**

25      115.  Plaintiffs repeat and reallege the allegations contained in the paragraphs

26   above, as if fully set forth herein.

- 34 –

116. Plaintiffs bring this claim individually and on behalf of the California Class.

117. Plaintiffs, and others similarly situated, purchased DeMarini White Softball Bats which were manufactured, distributed or sold by Defendants.

118. The potential for the Softball Bats to bend, flatten, and/or crack while playing softball undoubtedly presents a substantial danger to consumers.

119. Plaintiffs and other ordinary consumers would not have recognized or known of these defects or the potential risks.

120. Defendants knew, or in the exercise of reasonable care should have known, that the Softball Bats were likely to bend, flatten, and/or crack as stated herein, subjecting consumers to risk of serious harm to their person and/or property.

121. At the time DeMarini manufactured, distributed and/or sold the DeMarini Softball Bats, it owed a non-delegable duty to Plaintiffs and California Class Members to exercise ordinary and reasonable care to properly design and/or manufacture the DeMarini Softball Bats, and it owes a continuing duty to warn about the defects and to correct the defects and/or recall its defective DeMarini Softball Bats.

122. DeMarini had a pre-sale duty to warn potential purchasers that the Softball Bats carried with them the risk or propensity to bend, flatten, and/or crack that could occur when an ordinary consumer was using the Softball Bats in an intended or reasonably-foreseeable manner.

123. Defendants nonetheless failed to provide a warning regarding the defects and potential dangers of the Softball Bats.

124. Defendants, as the manufacturer, distributor and seller, should have, in the exercise of reasonable care, have provided such a warning. The defects in the Softball Bats are serious in light of the fact that the defects manifested during its normal use and essential purpose. A Softball Bat that cracks upon the first few uses

- 35 –

1  is well below a reasonable consumer's expectations.

2  125.  Defendants failed to provide to Plaintiffs and consumers adequate
3  warnings of the ultimate defects and dangers inherent in the product.  Such warnings
4  should have been placed at the point of sale and/or their website where Defendant
5  sells the Softball Bats directly to consumers, or should have otherwise been placed
6  in a way calculated to give reasonable and fair warning to consumers.  Had such
7  warnings been provided, Plaintiffs and consumers would have not purchased the
8  product, or at the very least, could have avoided the risk caused by the defective and
9  dangerous product.

10  126.  As a direct and proximate result of Defendants' failure to warn of the
11  defects contained in the Softball Bats, Plaintiffs and the California Class members
12  suffered property damage and economic loss, in an amount to be determined at trial.
13  Plaintiff and the California Class are also entitled to costs of litigation, attorneys'
14  fees, and any other or further relief the Court deems proper.

### SEVENTH CAUSE OF ACTION
**Damages for Violations of Magnuson-Moss Warranty Act**
**(15 U.S.C. § 2301)**
**(By Plaintiffs Asserted on Behalf of Themselves and the Nationwide Class**
**Against Defendants)**

18  127.  Plaintiffs repeat and reallege the allegations contained in the paragraphs
19  above, as if fully set forth herein.

20  128.  Plaintiffs bring this claim individually and on behalf of the Nationwide
21  Class.

22  129.  The Softball Bats are "consumer products" within the meaning of the
23  Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301(1).

24  130.  Plaintiffs and Nationwide Class members are "consumers" within the
25  meaning of the MMWA, 15 U.S.C. § 2301(3).

26  131.  Defendants are a "supplier" and "warrantor" within the meaning of the
27  MMWA, 15 U.S.C. §§ 2301(4)-(5).

28
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1      132.   Defendants provided Plaintiffs and Nationwide Class members with
2  "implied warranties" within the meaning of the MMWA, 15 U.S.C. § 2301(7).

3      133.   Pursuant to agreements for resale of the Softball Bats between
4  DeMarini and nationwide retailers including, but not limited to, Big 5 Sporting
5  Goods, Sports Authority, Dick's Sporting Goods and Sports Chalet, Plaintiffs and
6  Nationwide Class members are third-party beneficiaries of such contracts.

7      134.   Defendants warranted to Plaintiffs and Nationwide Class members the
8  Softball Bats were free from defects, were of merchantable quality and fit for the
9  ordinary purpose for which the Softball Bats are used.

10      135.   Defendants have breached their warranties.  Defendants breached their
11  warranties because the Softball Bats suffer from known defects that cause them to
12  bend, flatten, and/or crack during normal and intended use.

13      136.   The amount in controversy of Plaintiffs and Nationwide Class
14  members' individual claims meets or exceeds the sum or value of $25.  In addition,
15  the amount in controversy meets or exceeds the sum of $50,000 (exclusive of
16  interest and costs) computed on the basis of all claims to be determined by this suit.

17      137.   In its capacity as a warrantor, and by the conduct described herein, any
18  attempt by Defendants to limit the implied warranty of merchantability in a manner
19  that would exclude coverage for the defects in the DeMarini Softball Bats is
20  unconscionable and any such effort to disclaim or otherwise limit liability for its
21  defective Softball Bats is null and void.

22      138.   By Defendants' conduct described herein, including Defendants'
23  knowledge of the defects in the DeMarini Softball Bats and its inaction in the face of
24  that knowledge, Defendants have failed to comply with their obligations under their
25  implied warranties.

26      139.   Defendants have been afforded a reasonable opportunity to cure their
27  breach of warranty.  Plaintiffs, on behalf of themselves and the Nationwide Class,

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  provided written notice of the defects to Defendants and demanded an appropriate
2  remedy prior to filing this action.  In addition Defendants have received reasonable
3  notice of the breach through negative consumer complaints and comments on
4  various websites, and directly to Defendants.   Defendants failed to remedy the
5  situation on a class-wide basis.

6      140.   As a direct and proximate result of Defendants' conduct, Plaintiffs and
7  the Nationwide Class members have suffered injury and damages in an amount to be
8  determined at trial.  Plaintiffs and the Nationwide Class members are also entitled to
9  recover damages, consequential damages, special damages, equitable relief,
10  attorneys' fees and litigation costs pursuant to 15 U.S.C. §2310.

11                            **PRAYER FOR RELIEF**

12      Wherefore, Plaintiffs pray for a judgment:

13  a.      Certifying the Nationwide Class and California Class as requested
14          herein, appointing Plaintiffs as the class representatives for the
15          Nationwide Class and California Class and their undersigned counsel as
16          class counsel;

17  b.      Requiring Defendants to disgorge or return all monies, revenues and
18          profits obtained by means of any wrongful act or practice to Plaintiffs
19          and the members of the Nationwide Class and California Class under
20          each cause of action where such relief is permitted;

21  c.      Enjoining Defendants from continuing the unlawful practices as set
22          forth herein, including marketing or selling DeMarini Softball Bats
23          without disclosing the defects relating thereto, and directing Defendants
24          to engage in corrective action, or providing other injunctive or
25          equitable relief;

26  d.      Awarding exemplary or punitive damages pursuant to Cal. Civ. Code §
27          1780 and other applicable statutes;

28                              – 38 –

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1       e.     Awarding damages and civil penalties pursuant to applicable statutes;

2       f.     Awarding all equitable remedies available pursuant to Cal. Civ. Code §

3           1780 and other applicable law;

4       g.    Awarding attorneys' fees and costs;

5       h.    Awarding pre-judgment and post-judgment interest at the legal rate;

6           and

7       i.     Providing such further relief as may be just and proper.

8                     **<u>DEMAND FOR JURY TRIAL</u>**

9        Plaintiffs hereby demand a trial by jury on all issues so triable.

10   DATED: December 22, 2015

11

12                    **BISNAR|CHASE LLP**

13            By:  /s/ Jerusalem F. Beligan

14                 BRIAN D. CHASE
                    bchase@bisnarchase.com

15                JERUSALEM F. BELIGAN
                   jbeligan@bisnarchase.com

16                1301 Dove Street, Suite 120
                   Newport Beach, CA

17                Telephone: 949/752-2999
                   Facsimile: 949/752-2777

18                **BORDIN MARTORELL LLP**

19            By:  /s/ Jesse M. Bablove

20                JESSE M. BABLOVE
                   jbablove@bordinmartorell.com

21                6080 Center Drive, Suite 600
                   Los Angeles, California 90045

22                Telephone: 323-457-2110
                   Facsimile: 323-457-2120

23                *Counsel for Plaintiffs*

24

25

26

27

28                          – 39 –