# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Hiroyuki Oda, *et al*., | ) CASE NO. 8:15-cv-02131-JLS-JCG |
| Plaintiffs, | ) **CLASS ACTION** |
| vs. | ) **JUDGMENT ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, CLASS REPRESENTIVE AWARDS, SETTLEMENT ADMINISTRATOR COSTS** |
| Wilson Sporting Goods Co., | |
| Defendants. | |

THIS MATTER HAVING come before the Court pursuant to the Court's Order of Preliminary Class Settlement Approval filed June 6, 2018 to determine whether the Revised Settlement Agreement and Release (the "Agreement") dated April 12, 2018 (the recitals and definitions of which the Court incorporates herein) is fair and reasonable and should be approved as being in the best interest of the Settlement Class;

The Notice Package having been given to all members of the Settlement Class as directed by this Court's Order, and proof of notice having been filed with the Court;

All persons present or represented at the Final Approval Hearing, who were entitled to be heard pursuant to the notice, having been given an opportunity to be heard; and the Court having entered its Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Granting in Part Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 174)

**IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has jurisdiction over the subject matter of this Lawsuit and over all parties thereto including all members of the Settlement Class.

2. This Court hereby certifies the Class consisting of:

> All individual consumers, exclusive of Wilson, its employees, judges presiding over the case and Plaintiffs' counsel, who purchased from Wilson or an authorized retailer of Wilson in the United States, one or more new 13/14 White Steels within the four years of the filing of the original Complaint (i.e. after December 23, 2011) to the date the Court grants preliminary approval of the settlement.

3. Plaintiffs Hiroyuki Oda and Corey Roth ("Plaintiffs") acted fairly and adequately to protect the interests of the Settlement Class and are hereby confirmed as Class Representatives for the Settlement Class.

4. Bisnar|Chase LLP and Dickson Kohan & Bablove LLP have shown that they are qualified to conduct the pending litigation and represent Plaintiffs and

the Settlement Class and are therefore confirmed as the sole Class Counsel.

5. Plaintiffs and members of the Settlement Class are bound by this Judgment and by the Agreement, including the Released Claims provided for in paragraph 5 of the Agreement.

6. The Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

7. The Settlement shall be implemented and consummated in accordance with the definitions and terms of the Agreement.

8. All Released Claims shall be merged into the final judgment, except for the Attorneys' Fees and Expenses owed to Class Counsel and the Class Representative Awards to Plaintiffs pursuant to the Agreement, and Plaintiffs, the members of the Settlement Class and the Releasing Parties (and all persons acting or purporting to act on their behalf) are permanently barred and enjoined from instituting, commencing, asserting or continuing any of the Released Claims either directly, representatively or in another other capacity or derivatively, against the Released Parties in this or any other jurisdiction.

9. In addition, and as provided in the Agreement, Plaintiffs waive, without limitations, any currently unknown claims they may have had against Wilson. Plaintiffs may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, or may sustain or have sustained losses or damages which are presently unknown, but Plaintiffs do, upon the Effective Date, fully, finally, and forever settle and release any and all Released Claims including, but not limited to, Released Claims known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, intentional, with or without malice, or breach of any duty, law or rule, without

regard to the subsequent discovery or existence of such different or additional facts. With respect to the Released Claims, including any unknown claims, Plaintiffs shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provision, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO THE CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

10. Plaintiffs, members of the Settlement Class and the Releasing Parties shall be deemed conclusively to have released and extinguished the Released Claims against Wilson and the Released Parties as of the Effective Date as set forth in the Agreement.

11. Neither the Agreement, nor the fact that a settlement has been reached in this Lawsuit, shall constitute any admission by Wilson, nor is this Judgment a finding of the validity of any claims in the Lawsuit. Furthermore, neither the Agreement, nor the fact that a settlement has been reached in this Lawsuit, shall constitute any concession by Wilson and neither shall be used as an admission of any fault or omission by any person. Neither this Judgment, the Agreement nor any document referred to herein nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Wilson of any fault, wrongdoing or liability whatsoever. Entering into or carrying out the Agreement, and the exhibits thereto, and any negotiations or proceeding related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Wilson and shall not be offered in evidence by any party to the Agreement, or by any member of the Settlement Class, in any action or proceeding against any party hereto in any court,

administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Agreement, or any related agreement or release; except that the Agreement and the exhibits may be filed in this Lawsuit or in any related litigation to enforce the Agreement, as evidence of the settlement, or in any subsequent action against or by Wilson to support a defense of res judicata, collateral estoppel, release, or other theory of issue preclusion or similar defense.

12. Notice provided to members of the Settlement Class pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all members of the Settlement Class who could be identified through reasonable effort, including information provided by authorized third-party retailers of Wilson. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

13. Persons who have duly and timely requested exclusion from the Settlement Class, each of whom are identified in Exhibit G to the Declaration of Alex Thomas on behalf of KCC, may not participate in any of the benefits of this Settlement, may now pursue only their own individual remedies, if any, and not any class actions, and, with respect to their own individual remedies only, shall not be bound by this Judgment and the Agreement. The terms and provisions of this Judgment and the Agreement shall bind all members of the Settlement Class, except those identified in Exhibit G.

14. Any and all objections to the Settlement and Agreement, if any, are overruled as being without merit.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains and reserves continuing jurisdiction over: (1) implementation of this

Settlement; and (2) all parties hereto for the purposes of enforcing and administering the Agreement and exhibits thereto.

16. There being no just reason to delay the entry of this Judgment, the clerk is ordered to enter this Judgment forthwith.

17. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void and be vacated and the Agreement with all orders entered in connection therewith shall be rendered null and void (except as set forth in the Agreement).

18. In addition, having fully reviewed Plaintiffs' Motion for Attorneys' Fees and Costs, Class Representative Awards, and Administrator Costs, the Court HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

   a) The Court finds that Class Counsel, having conferred a benefit on absent Settlement Class members and having expended efforts to secure a benefit to the Settlement Class, is entitled to a fee and accordingly, the Court approves Class Counsel's application for attorneys' fees in the amount of $234,534.45;

   b) The Court further finds that Class Counsel's litigation costs are documented, reasonable and necessary to the prosecution of the Lawsuit and therefore approves their request for $112,625.02 in litigation costs;

   c) The Court further finds that $60,120.30 in third-party administration costs for settlement notice provided by KCC pursuant to the Court's order is documented, reasonable and necessary and therefore approved;

   d) The Court approves a Class Representative Award to Hiroyuki Oda in the amount of $5,000 for the initiation of this action, work performed, the risks undertaken for the payment of costs had this case had an unfavorable outcome, and for the benefits to be received

by the Settlement Class as a result of his efforts;

e) The Court approves a Class Representative Award to Corey Roth in the amount of $5,000 for the work performed, the risks undertaken for the payment of costs had this case had an unfavorable outcome, and for the benefits to be received by the Settlement Class as a result of his efforts;

f) Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement;

g) Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order;

h) The Parties are ordered to comply with the terms of the Settlement, except as modified by this Order; and

i) The Parties shall bear their own costs and attorneys' fees, except as otherwise provided by the Agreement and this Order.

**IT IS SO ORDERED**.

Dated: January 30, 2019  _____
Josephine L. Staton
United States District Judge